FILED
 2010 Nov-16 PM 04:06
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ALABAMA
### NORTHWESTERN DIVISION

| | |
|---|---|
| **DANNY PUTMAN,** ) | |
| ) | |
| **Claimant,** ) | |
| ) | |
| vs. ) | **Case No. CV-10-S-248-NW** |
| ) | |
| **MICHAEL J. ASTRUE,** ) | |
| **Commissioner, Social Security** ) | |
| **Administration,** ) | |
| ) | |
| **Defendant.** ) | |

### MEMORANDUM OPINION AND ORDER

Claimant, Danny Putman, commenced this action on February 2, 2010, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying his claim for a period of disability and disability insurance benefits.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983).

Case 3:10-cv-00248-CLS   Document 12   Filed 11/16/10   Page 2 of 8

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that the testimony of the vocational expert was inconsistent with the Dictionary of Occupational Titles ("DOT"), that the ALJ erred in finding that claimant has a high school education, and the ALJ erred in failing to remand the case for consideration of new and material evidence. Upon review of the record, the court concludes that these contentions lack merit, and that the Commissioner's ruling is due to be affirmed.

Claimant first asserts that the ALJ erred in relying upon the testimony of the vocational expert ("VE") because that testimony was inconsistent with the DOT. The ALJ asked the VE to consider a hypothetical individual who, in addition to having other limitations, could only occasionally reach. The VE testified that such an individual could perform the jobs of "assembler of small parts," "subassembler of electronic parts," "counter clerk," "final assembler," "rotor assembler," and "tester of electronic equipment," but the DOT definition for each of those positions (other than counter clerk) requires more than occasional reaching.[1] The ALJ failed to discuss the discrepancy between the DOT definitions and the VE's testimony, and he did not elicit an explanation for the discrepancy from the VE. His failures do not constitute reversible error, however. The Eleventh Circuit has held that,

---

[1] Tr. at 70-72.

> [e]ven assuming that an inconsistency existed between the testimony of the vocational expert and the DOT, the ALJ did not err when, without first resolving the alleged conflict, he relied on the testimony of the vocational expert. Our precedent establishes that the testimony of a vocational expert "trumps" an inconsistent provision of the DOT in this Circuit.

*Miller v. Commissioner of Social Security,* 246 Fed. Appx. 660, 662 (11th Cir. 2007) (citing *Jones v. Apfel,* 190 F.3d 1224, 1129-30 (11th Cir. 1999)). *See also Romeo v. Astrue,* No. 8:09-CV-502-T-TGW, 2010 WL 1180357, at *2 (M.D. Fla. March 25, 2010) ("While the law judge did not specifically ask [whether there was a conflict between the VE's testimony and the DOT], the law judge could reasonably find that the expert's testimony was consistent with the DOT because the expert stated the DOT number for each of the jobs he identified.").

Claimant next argues that the ALJ improperly found that he had a high school education, when in actuality, claimant only completed the tenth grade.[2] The Commissioner does not dispute this discrepancy but argues that the error is harmless. This court agrees. As an initial matter, it is undisputed that the ALJ stated in his hypothetical question to the VE that claimant had an tenth grade education.[3] Furthermore, pursuant to the Medical-Vocational Guidelines, or "grids," a literate "younger individual" (the age group claimant undisputedly fell into at the time of the

---

[2]*See* Tr. at 20, ¶ 8 ("**The claimant has at least a high school education and is able to communicate in English . . . .**") (emphasis in original).

[3]*See* Tr. at 70 ("He has a tenth grade education.").

administrative decision) limited to either light or sedentary work is not disabled, regardless of whether he has a limited education or is a high school graduate. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rules 201.18-201.22 and 202.16-202.22.

Claimant alternatively asserts that he is illiterate, which would entitle him to a finding of "disabled" pursuant to Medical-Vocational Rule 201.17. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 201.17. Social Security regulations define illiteracy as "the inability to read or write." 20 C.F.R. § 404.1564(b)(1). The Commissioner will consider an individual to be illiterate if he "cannot read or write a simple message such as instructions or inventory lists even though the person can sign his or her own name. Generally an illiterate person has had little or no formal schooling." *Id.* Claimant has a tenth grade education and spent approximately twenty years performing at least semiskilled. Furthermore, claimant's prior work as a heavy equipment operator was at "level 2" language development, which the DOT describes as requiring "a passive vocabulary of 5,000-6,000 words" and the ability to "write compound and complex sentences, using cursive style, proper end, punctuation, and employing adjectives and adverbs." Dictionary of Occupational Titles, App. C, *available at* http://www.oalj.dol.gov/PUBLIC/DOT/REFERENCES/DOTAPPC.HTM. All of those facts are inconsistent with the regulatory definition of illiteracy.

Importantly, while claimant stated during the administrative hearing that he

was illiterate, he and his representative both repeatedly stated during other stages of the administrative process that claimant could read and write.  For example, claimant stated in his Disability Report to the Commissioner that he could "read and understand English," and that he could "write more than [his] name in English."[4]  He stated in the same report that he completed one year of college and did not attend special education classes.[5]  A representative from the Social Security Administration who interviewed claimant over the telephone stated that plaintiff had no perceived difficulty with reading or understanding.[6]  Claimant's representative even stated during the administrative hearing that claimant was not claiming illiteracy:

> ATTY:  Absent total illiteracy, which we will not argue, it is not a relevant issue.
>
> ALJ:  Okay.  Then we'll proceed and basically accept his tenth grade education, is literate.  Okay?
>
> ATTY:  Right.[7]

Claimant's representative also failed to object during the administrative hearing when the ALJ stated that claimant had a tenth grade education and could read, write, and do ordinary math.[8]  Thus, claimant waived the right to assert illiteracy as a ground for

---

[4]Tr. at 126.
[5]Tr. at 134.
[6]Tr. at 124.
[7]Tr. at 34-35.
[8]Tr. at 53.

disability.[9]

Even if claimant had not waived the illiteracy argument, there is no evidence, other than his own conclusory assertion, that he actually is illiterate. In fact, the overwhelming evidence, discussed above, indicates that claimant is able to read and write. Claimant asserts that his case should be remanded to the Commissioner pursuant to sentence six of 42 U.S.C. § 405(g), for consideration of new and material evidence of his illiteracy. Specifically, he wants the court to consider an undated Testing Summary from Lindamood-Bell Learning Processes in Memphis, Tennessee. The Testing Summary reveals, among other things, that claimant reads at a first grade level.

"Sentence six remands are 'available when evidence not presented to the Commissioner at any stage of the administrative process requires further review.'" *Poellnitz v. Astrue,* 349 Fed. Appx. 500, 504 (11th Cir. 2009) (quoting *Ingram v. Commissioner of Social Security Administration,* 496 F.3d 1253, 1267 (11th Cir. 2007)).

> To be entitled to remand to the Commissioner, the claimant must show that (1) new, non-cumulative evidence exists; (2) the evidence is material such that a reasonable possibility exists that the new evidence would change the administrative result; and (3) good cause exists for the claimant's failure to submit the evidence at the appropriate

---

[9]Claimant acknowledges as much in his brief. *See* doc. no. 8 (claimant's brief), at 8 n.27 ("The Court should be aware that, for reasons that are unclear, Mr. Putman's hearing attorney essentially waived the issue of literacy.").

administrative level. *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986). However, "not every discovery of new evidence, even if relevant and probative, will justify a remand to the Secretary, for some evidence is of limited value and insufficient to justify the administrative costs and delay of a new hearing." *Id*. at 876 (internal quotation marks omitted). Accordingly, sentence six encompasses only those instances in which "the district court learns of evidence not in existence or available to the claimant at the time of the administrative proceeding that might have changed the outcome of that proceeding." *Ingram*, 496 F.3d at 1267 (quoting *Sullivan v. Finkelstein*, 496 U.S. 617, 626, 110 S. Ct. 2658, 2664, 110 L. Ed.2d 563 (1990)).

*Carson v. Commissioner of Social Security,* 373 Fed. Appx. 986, 988 (11th Cir. 2010).

It cannot reasonably be disputed that the Testing Summary is both new and non-cumulative, as the tests it reports were administered in November of 2008, *after* the administrative hearing, and no other clinical evidence of claimant's literacy exists. Furthermore, good cause exists for claimant's failure to present the evidence during the administrative proceedings because the evidence did not actually exist until after the administrative proceedings had been completed. *See Cherry v. Heckler,* 760 F.2d 1186, 1192 (11th Cir. 1985). Nonetheless, the Testing Summary is not "material," in that it would have changed the outcome of the administrative proceedings if it had been submitted before a decision was made. The Testing Summary does not even state who conducted the literacy testing for plaintiff or what kind of credentials that person had. Therefore, the credibility of the Summary is suspect. Furthermore,

claimant's ability to read at a first grade level, while it does reflect some serious limitations, does not necessarily indicate total illiteracy. Someone who reads at a first grade level still might be able to read or write a simple message such as instructions or inventory lists. Importantly, claimant did not offer any argument or cite any authority to support his assertion that claimant's test results mean he is illiterate. To the contrary, in his brief, claimant only states that he "*may* be illiterate."[10]  Claimant has not satisfied his burden of establishing that remand is warranted for the consideration of new and material evidence.

Consistent with the foregoing, the court concludes the ALJ's decision was based upon substantial evidence and in accordance with applicable legal standards. Accordingly, the decision of the Commissioner is AFFIRMED. Costs are taxed against claimant. The Clerk is directed to close this file.

DONE this 16th day of November, 2010.

*[signature: Lynwood Smith]*
_____
United States District Judge

---

[10]Doc. no. 8 (claimant's brief), at 8 (emphasis supplied).